```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MICHAEL JOHNSON,                                   )
                                                   )
                        Plaintiff,                 )         COMPLAINT
                                                   )
        -against-                                  )         JURY TRIAL DEMANDED
                                                   )
THE CITY OF NEW YORK; POLICE OFFICER               )
FLAGUMY VALCOURT, Shield No. 6178; JOHN            )
DOE #1; JOHN DOE # 2; JOHN DOE                     )
SUPERVISOR; POLICE OFFICER CARL                    )
BECKER, Shield No. 11065; JOHN DOES; and           )
RICHARD ROES,                                      )
                                                   )
                        Defendants.                )
-----------------------------------------------------------------X
```

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff MICHAEL JOHNSON seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiffs each file a Notice of Claim with the Comptroller of the City of New York on May 2, 2016.  More than 30 days have elapsed since service of these Notices of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff was at all times relevant herein a resident of the State of New York. Plaintiff is African-American.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk

attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendants VALCOURT, JOHN DOE #1, JOHN DOE # 2, JOHN DOE SUPERVISOR, BECKER and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants VALCOURT, JOHN DOE #1, JOHN DOE # 2, JOHN DOE SUPERVISOR, BECKER and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants VALCOURT, JOHN DOE #1, JOHN DOE # 2, JOHN DOE SUPERVISOR, BECKER and JOHN DOES, are sued individually and in their official capacity.

10. Defendants JOHN DOE SUPERVISOR and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants JOHN DOE SUPERVISOR and RICHARD ROES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of

defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants JOHN DOE SUPERVISOR and RICHARD ROES are sued individually and in their official capacity.

## STATEMENT OF FACTS

11.     At approximately 5:00 p.m. on April 15, 2016 Plaintiff had just parked his car - a Mercedes Benz - on Avenue A between E. 89th Street and Remsen Avenue, in Brooklyn, NY.

12.     Plaintiff had driven and parked his car entirely lawfully, and there were no mechanical problems with his car.

13.     There was no lawful reason for Plaintiff to be stopped or detained by any member of law enforcement.

14.     After Plaintiff parked his car and exited and walked away from his car approximately three plainclothes JOHN DOES Officers – on information and belief Defendant POLICE OFFICER FLAGUMY VALCOURT, and JOHN DOE #1 and JOHN DOE # 2 - pulled up in an unmarked police car.

15.     These Officers told Plaintiff to get back inside of Plaintiff's car.

16.     Plaintiff returned to his car and, standing beside it, began to converse back and forth with the Officers.

17.     During the course of that conversation, one of the officers, on information and belief Defendant VALCOURT, told Plaintiff, in sum and substance, to get back inside of Plaintiff's car and to open up the door to his car.

18. Plaintiff responded, in sum and substance, that his car was locked and parked, and that if the Officers were going to issue him a ticket then to just go ahead and issue the ticket, but that Plaintiff was already out of the car.

19. Plaintiff produced identification to the Officers to show them that he was a real estate broker, but they continued to be only interested in his opening the door to his car so that they could go inside of his car.

20. One of the DOES, on information and belief Defendant VALCOURT, then told either JOHN DOE # 1 or JOHN DOE # 2 to handcuff Plaintiff, and Plaintiff was handcuffed behind his back.

21. Plaintiff was held at the location, handcuffed, for approximately 10-15 minutes in view of passers-by.

22. During this time one of the DOES, on information and belief Defendant VALCOURT, continued to press Plaintiff to give him Plaintiff's car keys so he could enter Plaintiff's car, and Plaintiff continued to refuse to do so.

23. While Plaintiff was in handcuffs at the scene, another police car containing further JOHN DOES pulled up, apparently with a JOHN DOE SUPERVISOR inside of it.

24. One of these JOHN DOES said something to the effect of "take him down" and the Officers on the scene then spoke to each other inaudibly at a remove from Plaintiff.

25. Plaintiff was again asked for his car keys, and Plaintiff again declined to give them to the Defendant Officers.

26. Plaintiff was then placed into a police vehicle, at which time one of the JOHN DOES reached into Plaintiff's pocket and removed a set of car keys without Plaintiff's consent.

27. The Officers tried to open Plaintiff's car with the keys they had removed from Plaintiff's pocket, but were unable to do so since they had removed keys from Plaintiff's pocket that were for another Mercedes-Benz owned by Plaintiff.

28. When Plaintiff was later brought to a local police precinct, on information and belief the NYPD 67th Precinct, the correct set of car keys was found in Plaintiff's pocket, and the Defendants apparently then brought those correct keys to the scene and used them to illegally enter Plaintiff's car and to search and drive Plaintiff's car.

29. One of the JOHN DOES brought Plaintiff's insurance card from the car to Plaintiff at the precinct, and Plaintiff told that Officer to put it back in his car where he found it.

30. There was no contraband or weapons of any kind inside of Plaintiff's car.

31. Plaintiff was held at the 67th Precinct until approximately 10 or 11:00 p.m., and was photographed, fingerprinted, and searched.

32. Plaintiff was then taken to Brooklyn Central Booking.

33. Plaintiff was then held at Central Booking until he was arraigned at approximately 6 or 7:00 p.m. the following day.

34. Plaintiff was charged with violations of New York Vehicle and Traffic Law § 1163 (D) (Turning Movements and Required Signals), New York Penal Law § 195.05 (Obstructing Governmental Administration in the Second Degree), and New York Penal Law § 240.20 (2) (Disorderly Conduct).

35. Defendant VALCOURT is the deponent on the Criminal Court Complaint lodged against Plaintiff, and swears in that document, under penalty of perjury, *inter alia* that Plaintiff failed to signal when making a turn, that Defendant VALCOURT had turned on the police lights

to his police vehicle to make a stop and observed Plaintiff park and exit his vehicle and that via a public address system Defendant VALCOURT instructed Plaintiff to enter Plaintiff's vehicle and that Plaintiff refused to do so, that when Defendant VALCOURT approached Plaintiff with his shield displayed and instructed Plaintiff to enter Plaintiff's vehicle numerous times, Plaintiff refused to do so and repeatedly yelled in substance that Defendant VALCOURT did not pull Plaintiff over and that Plaintiff's car was already parked, that Plaintiff yelled toward bystanders to look at what Defendant VALCOURT was doing and that Plaintiff was not even in Plaintiff's car, and that Defendant VALCOURT observed six or seven people who stopped and looked in Plaintiff's direction during these actions.

36. These allegations are predominantly lies.

37. When Plaintiff parked his car the police car was not behind him, and had not had its police lights on to pull him over.

38. Plaintiff was unaware of the existence of the police until he was already out of his car, as described above.

39. The Defendant Officers also never broadcasted anything to Plaintiff from any public address system.

40. Plaintiff also never yelled at the Defendant Officers. He did grow increasingly angry and stern at the awful, abusive, racist, and unjust way he was being treated, and informed the Defendant Officers that they were acting improperly, but spoke calmly and did not yell.

41. People were watching what was occurring at the scene due to the actions of the police, and not due to the actions of Plaintiff, who was held at the scene humiliated in handcuffs.

42. Plaintiff accepted an Adjournment in Contemplation of Dismissal (ACD) at his

arraignment, and was released.

43. All of the bogus charges against Plaintiff were dismissed in their entirety six months later as per the ACD.

44. When Plaintiff returned to his car following his release it was obvious that the Defendant officers had searched his car without his consent.

45. At some point while Plaintiff was in Defendants' custody it is believed that a warrant appeared for Plaintiff's arrest stemming from a summons (charging Plaintiff with having his car running unattended) that Defendant BECKER falsely alleged was given to Plaintiff on June 12, 2015, and which Defendant BECKER submitted to, and which was processed by, the Criminal Court, but which summons Plaintiff in fact was never given on June 12, 2015 or otherwise.

46. Defendant BECKER also retaliated against Plaintiff based upon perceived disrespect that he believed that Plaintiff had shown to him.

47. Defendant BECKER wrote on the summons that he processed with the Criminal Court (that he did not give to Plaintiff) that Plaintiff allegedly said to him, "so what, let them steal my car."

48. Plaintiff did not say that, but he did indicate to Defendant BECKER that he did not think that anyone was going to steal his car during the 2 minutes or so that he went into a store to make a quick purchase, and that Defendant BECKER was being silly.

49. Defendant BECKER gave Plaintiff a different summons on June 12, 2015, which stated it was returnable at the Department of Motor Vehicles, which Plaintiff tried to address at the DMV, but Plaintiff was told by the DMV that that summons had never been processed with the DMV.

50. Plaintiff, on information and belief, also accepted an ACD concerning the Criminal Court summons that Defendant BECKER had processed with the Criminal Court.

## **FIRST CLAIM**

## **DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

51. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

52. By their conduct and actions in stopping plaintiff, seizing plaintiff, searching plaintiff and his car, falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, trespassing upon plaintiff and his car, converting plaintiff's property, abusing process against plaintiff, violating rights to due process of plaintiff (including fabricating evidence against plaintiff), violating and retaliating for plaintiff's exercise of his rights to free speech and assembly, violating plaintiff's rights to equal protection, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment they received at the hands of other defendants, defendants VALCOURT, JOHN DOE #1, JOHN DOE # 2, JOHN DOE SUPERVISOR, BECKER, DOES and/or ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

53. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

54. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

55. By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants JOHN DOE SUPERVISOR and RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

56. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

## LIABILITY OF DEFENDANT THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

57. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

58. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

10

59. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

60. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech and association in a manner that affronts police officers or is interpreted by police officers as challenging their authority. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

61. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

62. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies,

11

practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops, searches, arrests, and issuances of summonses, which are implemented disproportionately upon people of color. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

63. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## **FOURTH CLAIM**

### **RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS**

64. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

65. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

66. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

67. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

68. By the actions described above, defendants did inflict assault and battery upon the plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

70. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

71. By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## SEVENTH CLAIM

### VIOLATION OF AND RETALIATION FOR THE EXERCISE
### OF RIGHTS TO FREE SPEECH AND ASSEMBLY

73. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

74. By the actions described above, defendants violated, and retaliated for the exercise of, the free speech and assembly rights of plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

75. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### TRESPASS

76. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

77. The defendants willfully, wrongfully and unlawfully trespassed upon the person and property of plaintiff.

78. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

## NEGLIGENCE

79. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

80. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

81. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

82. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

83. Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

84. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

## VIOLATION OF RIGHTS TO EQUAL PROTECTION OF LAW

85. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

86. By the actions described above, defendants violated plaintiff's rights to equal protection of law. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

87. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

## ABUSE OF PROCESS

88. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

89. By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the

State of New York.

90. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRTEENTH CLAIM

## CONSTITUTIONAL TORT

91. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

92. Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 9, 11 and 12 of the New York State Constitution.

93. A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 9, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

94. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTEENTH CLAIM

## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

95. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

96. By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or

negligently caused emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

97. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
             July 13, 2017

                                           /S/  Jeffrey A. Rothman
                                          JEFFREY A. ROTHMAN, Esq.
                                          315 Broadway, Suite 200
                                          New York, New York 10007
                                          (212) 227-2980

                                          Attorney for Plaintiff