UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

MICHAEL JOHNSON,

                                        Plaintiff,

-v-

THE CITY OF NEW YORK; POLICE OFFICER FLAGUMY VALCOURT, Shield No. 6178; JOHN DOE # 1; JOHN DOE # 2; JOHN DOE SUPERVISOR; POLICE OFFICER CARL BECKER, Shield No. 11065; John Does; and RICHARD ROES,

                                        Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, VALCOURT, AND BECKER**

17 CV 5296 (AT)

**JURY TRIAL DEMANDED**

-------------------------------------------------------------------------x

        Defendants City of New York and Police Officers Flagumy Valcourt and Carl Becker ("Defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their answer to the Complaint, respectfully allege, upon information and belief, the following:

        1.    Deny the allegations contained in paragraph "1" of the Complaint, except admit that Plaintiff purports to bring this action and seek relief as stated therein.

        2.    Deny the allegations contained in paragraph "2" of the Complaint, except admit that Plaintiff purports to bring this action and invoke the jurisdiction of the Court as stated therein.

        3.    Deny the allegations contained in paragraph "3" of the Complaint, except admit that Plaintiff purports to bring this action and invoke the jurisdiction of the Court as stated therein.

        4.    State that paragraph "4" of the Complaint demands a trial by jury to which no response is required.

5. Deny the allegations contained in paragraph "5" of the Complaint, except admit that Plaintiff purports to base venue as stated therein.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit only that the Office of the Comptroller received a document purporting to be a Notice of Claim on or about May 2, 2016. Defendants further admit that the claims alleged herein have not been settled or otherwise resolved.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations contained in paragraph "8" of the Complaint, except admit only that the City of New York is a municipal corporation organized under the laws of the State of New York and respectfully refer the Court to the New York City Charter and Administrative Code and other relevant provisions of law for a recitation of the relationship between the City and the New York City Police Department ("NYPD") and the City's responsibilities incident thereto.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Police Officers Valcourt and Becker were employed by the NYPD on June 12, 2015 and April 15, 2016 and further state that the allegations regarding whether the defendants acted "under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees" are conclusions of law to which no response is required. Defendants further respectfully refer the Court to the New York City Charter and Administrative Code and other relevant provisions of law for a recitation of the relationship between the City and the NYPD and the City's responsibilities incident thereto.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint and further state that the allegations regarding whether the defendants acted "under color of state law in the course in the course and scope of their duties and functions" are conclusions of law to which no response is required. Defendants further respectfully refer the Court to the New York City Charter and Administrative Code and other relevant provisions of law for a recitation of the relationship between the City and the NYPD and the City's responsibilities incident thereto.

11. Deny the allegations contained in paragraph "11" of the Complaint, except admit only that Plaintiff stopped a Merecedes Benz on April 15, 2016 at or near the corner of Avenue A and East 89th Street in Brooklyn, New York.

12. Deny the allegations contained in paragraph "12" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that there were no mechanical problems with Plaintiff's car.

13. Deny the allegations contained in paragraph "13" of the Complaint.

14. Deny the allegations contained in paragraph "14" of the Complaint, except admit that Plaintiff exited, and walked away from, a vehicle after members of the NYPD attempted to pull Plaintiff's vehicle over.

15. Deny the allegations contained in paragraph "15" of the Complaint, except admit that Plaintiff was instructed to renter the vehicle he exited.

16. Deny the allegations contained in paragraph "16" of the Complaint, except admit that Plaintiff walked back towards the vehicle and spoke with NYPD officers.

17. Deny the allegations contained in paragraph "17" of the Complaint, except admit that Plaintiff was instructed to reenter the vehicle.

18. Deny the allegations contained in paragraph "18" of the Complaint, except admit that Plaintiff stated, in sum and substance, that he was already out of the vehicle.

19. Deny the allegations contained in paragraph "19" of the Complaint.

20. Deny the allegations contained in paragraph "20" of the Complaint, except admit that that Plaintiff was handcuffed pursuant to a lawful arrest.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint, except admit that Plaintiff was placed into a vehicle.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint, except admit that Plaintiff was lawfully transported to the 67th Precinct.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint, except admit that Plaintiff was transported from the 67th Precinct to Central Booking.

32. Deny the allegations set forth in paragraph "32" of the Complaint, except admit that Plaintiff was lawfully transported to Central Booking.

33. Deny the allegations set forth in paragraph "33" of the Complaint, except admit that Plaintiff was arraigned on April 16, 2016.

34. Deny the allegations set forth in paragraph "34" of the Complaint, except admit that Plaintiff was charged with violating New York Vehicle and Traffic Law § 1163 and New York Penal Law §§ 195.05 and 240.20.

35. Deny the allegations set forth in paragraph "35" of the Complaint, except admit that Officer Valcourt is the deponent of the Criminal Court Complaint alleged against Plaintiff under Docket Number 2016KN022853 respectfully refers the Court to the document referenced therein for a recitation of its complete contents.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint, except admit only that Plaintiff received an Adjournment in Contemplation of Dismissal on April 16, 2016, and, thereafter, was released on his own recognizance.

43. Deny the allegations set forth in paragraph "43" of the Complaint, except admit that the charges brought against Plaintiff on April 16, 2016 were dismissed on October 14, 2016.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint, except admit that: Officer Becker issued Plaintiff a summons on June 12, 2015; the warrant was processed by the Criminal Court; there was a warrant out for Plaintiff's arrest on April 15, 2016; and Officer Valcourt became aware of the warrant during his interactions with Plaintiff on April 15, 2016.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint.

51. In response to the allegations set forth in paragraph "51" of the Complaint, Defendants reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

52. Object to and deny the embedded assertion as to Defendants "conduct and actions" and deny the remaining allegations contained in paragraph "52" of the Complaint.

53. Object to and deny the embedded assertion as to "the forgoing" and deny the remaining allegations contained in paragraph "53" of the Complaint.

54. In response to the allegations set forth in paragraph "54" of the Complaint, Defendants reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

55. Object to and deny the embedded assertion that any member of the NYPD engaged in any wrongdoing such as to impose a duty to "remedy [any] wrongs" and deny the remaining allegations contained in paragraph "55" of the Complaint.

56. Object to and deny the embedded assertion as to "the forgoing" and deny the remaining allegations contained in paragraph "56" of the Complaint.

57. In response to the allegations set forth in paragraph "57" of the Complaint, Defendants reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

58. Object to and deny the embedded assertion as to "unconstitutional conduct alleged herein" and deny the remaining allegations contained in paragraph "58" of the Complaint.

59. Object to and deny the embedded assertion as to "unconstitutional conduct alleged herein" and deny the remaining allegations contained in paragraph "59" of the Complaint.

60. Object to and deny the embedded assertion as to "unconstitutional conduct alleged herein" and deny the remaining allegations contained in paragraph "60" of the Complaint.

61. Object to and deny the embedded assertion as to "unconstitutional conduct alleged herein" and deny the remaining allegations contained in paragraph "61" of the Complaint.

62. Object to and deny the embedded assertion as to "unconstitutional conduct alleged herein" and deny the remaining allegations contained in paragraph "62" of the Complaint.

63. Object to and deny the embedded assertion as to "the forgoing" and deny the remaining allegations contained in paragraph "63" of the Complaint.

64. In response to the allegations set forth in paragraph "64" of the Complaint, Defendants reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

65. Deny the allegations in paragraph "65" of the Complaint and further state that the allegations regarding whether the defendant The City of New York is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior is a conclusion of law to which no response is required.

66. Object to and deny the embedded assertion as to "the forgoing" and deny the remaining allegations contained in paragraph "66" of the Complaint.

67. In response to the allegations set forth in paragraph "67" of the Complaint, Defendants reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

68. Object to and deny the embedded assertion as to "the actions described above" and deny the remaining allegations contained in paragraph "68" of the Complaint.

69. Object to and deny the embedded assertion as to "the forgoing" and deny the remaining allegations contained in paragraph "69" of the Complaint.

70. In response to the allegations set forth in paragraph "70" of the Complaint, Defendants reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

71. Object to and deny the embedded assertion as to "the actions described above" and deny the remaining allegations contained in paragraph "71" of the Complaint.

72. Object to and deny the embedded assertion as to "the forgoing" and deny the remaining allegations contained in paragraph "72" of the Complaint.

73. In response to the allegations set forth in paragraph "73" of the Complaint, Defendants reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

74. Object to and deny the embedded assertion as to "the actions described above" and deny the remaining allegations contained in paragraph "74" of the Complaint.

75. Object to and deny the embedded assertion as to "the forgoing" and deny the remaining allegations contained in paragraph "75" of the Complaint.

76. In response to the allegations set forth in paragraph "76" of the Complaint, Defendants reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Object to and deny the embedded assertion as to "the forgoing" and deny the remaining allegations contained in paragraph "78" of the Complaint

79. In response to the allegations set forth in paragraph "79" of the Complaint, Defendants reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

80. Object to and deny the embedded assertion as to "the acts and conduct of the defendants" and deny the remaining allegations contained in paragraph "80" of the Complaint.

81. Object to and deny the embedded assertion as to "the forgoing" and deny the remaining allegations contained in paragraph "81" of the Complaint.

82. In response to the allegations set forth in paragraph "82" of the Complaint, Defendants reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

83. Object to and deny the embedded assertion as to "the acts and conduct of the defendants" and deny the remaining allegations contained in paragraph "83" of the Complaint.

84. Object to and deny the embedded assertion as to "the forgoing" and deny the remaining allegations contained in paragraph "84" of the Complaint.

85. In response to the allegations set forth in paragraph "85" of the Complaint, Defendants reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

86. Object to and deny the embedded assertion as to "the actions described above" and deny the remaining allegations contained in paragraph "86" of the Complaint.

87. Object to and deny the embedded assertion as to "the forgoing" and deny the remaining allegations contained in paragraph "87" of the Complaint.

88. In response to the allegations set forth in paragraph "88" of the Complaint, Defendants reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

89. Object to and deny the embedded assertion as to the "conduct and actions described above" and deny the remaining allegations contained in paragraph "89" of the Complaint.

90. Object to and deny the embedded assertion as to "the forgoing" and deny the remaining allegations contained in paragraph "90" of the Complaint.

91. In response to the allegations set forth in paragraph "91" of the Complaint, Defendants reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

92. Deny the allegations set forth in paragraph "92" of the Complaint, and further state that the allegations regarding whether the Defendants acted "under color of law" are conclusions of law to which no response is required.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Object to and deny the embedded assertion as to "the forgoing" and deny the remaining allegations contained in paragraph "94" of the Complaint.

95. In response to the allegations set forth in paragraph "95" of the Complaint, Defendants reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

96. Object to and deny the embedded assertion as to "the actions described above" and deny the remaining allegations contained in paragraph "96" of the Complaint.

97. Object to and deny the embedded assertion as to "the forgoing" and deny the remaining allegations contained in paragraph "97" of the Complaint.

**FIRST AFFIRMATIVE DEFENSE:**

98. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

99. Defendants City of New York and Police Officers Flagumy Valcourt and Carl Becker have not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have Defendants violated any acts of Congress providing for the protection of civil rights.

**THIRD AFFIRMATIVE DEFENSE:**

100. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct or the conduct of third parties and was not the proximate result of any act of defendants City of New York or Police Officers Flagumy Valcourt and Carl Becker.

**FOURTH AFFIRMATIVE DEFENSE:**

101. Plaintiff provoked any incident.

**FIFTH AFFIRMATIVE DEFENSE:**

102. At all times relevant to the acts alleged in the complaint, defendant Police Officers Flagumy Valcourt and Carl Becker acted reasonably in the proper scope and lawful exercise of their lawful discretion.

**SIXTH AFFIRMATIVE DEFENSE:**

103. Plaintiff has failed to mitigate his alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE:**

104. To the extent any force was used, such force was reasonable, necessary, and justified.

**EIGHTH AFFIRMATIVE DEFENSE:**

105. Plaintiff's claims may be barred, in part, by the applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE:**

106. Defendant Officers Flagumy Valcourt and Carl Becker has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**TENTH AFFIRMATIVE DEFENSE:**

107. There was probable cause for Plaintiff's arrest, detention, and prosecution.

**ELEVENTH AFFIRMATIVE DEFENSE:**

108. Plaintiff has failed to state a viable claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

**TWELFTH AFFIRMATIVE DEFENSE:**

109. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

**THIRTEENTH AFFIRMATIVE DEFENSE:**

110. To the extent Plaintiff is alleging any claims arising under New York State law, Plaintiff may have failed to comply with New York General Municipal Law §§ 50-(e), *et seq*.

**FOURTEENTH AFFIRMATIVE DEFENSE:**

111. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## FIFTEENTH AFFIRMATIVE DEFENSE:

112. Punitive damages are not recoverable against the City of New York or the individual defendants in their official capacities.

**WHEREFORE**, Defendants City of New York and Police Officers Flagumy Valcourt and Carl Becker request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 23, 2017

    ZACHARY W. CARTER
    Corporation Counsel of the City of New York
    *Attorney for Defendants City,* Valcourt and Becker
    100 Church Street | Room 3-306(A)
    Tel: (212) 356-5051
    zbergman@law.nyc.gov

By:    / s/
    Zachary Russell Bergman
    *Assistant Corporation Counsel*

cc: **VIA ECF**
    Jeffrey A. Rothman, Esq.
    *Attorney for Plaintiff*
    315 Broadway, Suite 200
    New York, New York 10007